UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| RONNIE WHITENER, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 3:20-CV-524-TAV-HBG |
| | ) | | |
| JOHN AND JANE DOES, | ) | | |
| COTY HOLLAND, | ) | | |
| SHERIFF, | ) | | |
| BCCX, | ) | | |
| BRENDA BOYD, | ) | | |
| SMITH COUNTY DETENTION CENTER, | ) | | |
| CENTURION, | ) | | |
| MCCX, | ) | | |
| MEDICAL DEPARTMENT, | ) | | |
| RUTHERFORD COUNTY | ) | | |
| DETENTION CENTER, | ) | | |
| RUTHERFORD COUNTY | ) | | |
| SHERIFF'S OFFICE, | ) | | |
| VASHTI MCKINNY, | ) | | |
| PCJC, | ) | | |
| CORPORAL AVERY, | ) | | |
| PCJC MEDICAL EMPLOYEES, | ) | | |
| STACY OAKES, | ) | | |
| SPECIAL NEEDS FACILITY, | ) | | |
| TDOC, | ) | | |
| KENNETH HUTCHINSON, | ) | | |
| MIKE PARRIS, | ) | | |
| EDMUND LANE, | ) | | |
| PCJC OFFICERS, | ) | | |
| KENNETH WILLIAMS, and | ) | | |
| TONEY PARKER, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner proceeding pro se, failed to state a cognizable constitutional claim in his initial complaint for violation of 42 U.S.C. § 1983, and the Court provided him an

opportunity to file an amended complaint [Doc. 4]. Plaintiff complied, and his amended complaint is now before the Court for screening pursuant to the Prison Litigation Reform Act ("PLRA") [Doc. 5].

## I. SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations

2

of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. PROCEDURAL HISTORY AND ALLEGATIONS OF AMENDED COMPLAINT

Plaintiff previously filed a § 1983 complaint alleging that Tennessee Department of Correction ("TDOC") personnel and their medical providers failed to provide him with a corrective back surgery that was prescribed to him when he was a free-world civilian [Doc. 1 p. 4]. That lawsuit was dismissed for failure to state a claim under § 1983, and Plaintiff was dismissed from TDOC custody. *See Whitener v. Parker*, No. 1:17-CV-1241, Doc. 14 (W.D. Tenn. April 15, 2019). Over a year later, Plaintiff was rearrested and thereafter filed a § 1983 complaint in this Court, again alleging the denial of medical care related to his back condition and naming dozens of Defendants spread amongst a handful of institutions [Doc. 1]. Upon initial screening, this Court found that the statute of limitations and, in part, the doctrine of res judicata, barred any of Plaintiff's claims occurring prior to his return to TDOC custody in 2020 [*See, generally*, Doc. 4].

Nonetheless, the Court afforded Plaintiff an opportunity to amend his complaint to state a justiciable claim. Specifically, the Court stated:

3

> Plaintiff should be allowed an opportunity to file an amended complaint with a short and plain statement of facts setting forth exactly how his constitutional rights were violated and the specific individual(s) responsible. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("Under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). Plaintiff is **ADVISED** that in order to survive screening, Plaintiff must allege facts sufficient for the Court to infer that each individual Defendant violated his constitutional rights. Plaintiff should avoid making legal arguments in his amended complaint, but rather, he should focus on clearly and succinctly setting forth the facts – the who, what, where, when – of his claims. Plaintiff is **NOTIFIED** that the Court will only address the merits of Plaintiff's claims that relate to his original complaint as to his alleged denial of medical care **AFTER** his incarceration in September 2020. Accordingly, Plaintiff **SHALL NOT** attempt to set forth in his amended complaint any additional claims that do not relate to any such allegations, and he is advised that any such claims will be **DISMISSED**.

[Doc. 4].

Plaintiff's amended complaint was received by the Court on January 15, 2021 [*See, generally*, Doc. 5]. In his amended pleading, Plaintiff maintains that he was released from TDOC custody in June of 2018, but that he was unable to afford back surgery [*Id*. at 8]. He was arrested on September 8, 2019, and "housed again at the PCJC ("Putnam County Justice Center")" [*Id*. at 9]. While at PCJC, Plaintiff received a specialist consult and was advised that the physician "could not perform the recommended surgery" [*Id*.]. The specialist stated, however, that he would refer Plaintiff to another specialist who could perform the surgery, and Plaintiff was transferred to Cookeville Regional Hospital for an MRI/CT scan [*Id*.]. On September 11, 2020, within a month of his specialist consult at PCJC, Plaintiff was transferred to the Bledsoe County Correctional Facility ("BCCX") without a follow up [*Id*.].

Upon his arrival at BCCX, Plaintiff provided the intake nurses and intake physician with all of the information he had pertaining to his need for corrective back surgery [*Id*.]. The intake physician referred Plaintiff to another physician at BCCX, who evaluated Plaintiff on

4

October 5, 2020 [*Id.*]. That physician stated that "nothing could be done" for Plaintiff due to restrictions caused by Covid-19, as Plaintiff's condition was not an emergency [*Id.*]. This doctor also advised Plaintiff that he should not daily take the Ibuprofen and Tylenol prescribed by the intake physician, and he expressed confusion as to why Plaintiff was prescribed "Rimron"[1] for his "mental problem" since it increases appetite and causes weight gain [*Id.*]. Plaintiff was not referred to a specialist during his stay at BCCX [*Id.* at 9-13].

In mid-November 2020, Plaintiff was transferred to the Morgan County Correctional Complex, ("MCCX"), where he is currently housed [*Id.* at 13]. Plaintiff again advised the medical staff of his need for corrective surgery and was again ignored [*Id.*]. Eventually, Plaintiff complained of an eye problem and was evaluated by Dr. Lane at MCCX [*Id.*]. However, Dr. Lane did not provide Plaintiff with medical treatment [*Id.*].

Plaintiff then filed this action suing each Defendant in his or her official capacity and seeking injunctive and declaratory relief, along with monetary damages [*Id.* at 13-14].

### III. DISCUSSION

#### A. Statute of Limitations

Despite the Court's explicit instructions, Plaintiff's amended complaint is teeming with legal arguments and vague statements about his medical conditions, and it contains no factual allegations against the majority of Defendants named in this action. Additionally, the amended

---

[1] The Court presumes Plaintiff actually intended to allege that he was prescribed "Remeron," which is an antidepressant. *See* National Alliance on Mental Illness, "Remeron," https://www.nami.org/About-Mental-Illness/Treatments/Mental-Health-Medications/Types-of-Medication/Mirtazapine-(Remeron) (last accessed January 18, 2021).

complaint seeks recourse for wrongs occurring years prior to Plaintiff's return to TDOC custody in 2020.

Plaintiff filed his initial complaint in this action on or about December 11, 2020 [Doc. 1]. Therefore, the Court finds that the relevant statute of limitations bars any claims by Plaintiff that occurred prior to December 11, 2019. *See* Tenn. Code Ann. § 28-3-104; *Foster v. State*, 150 S.W.3d 166, 168 (Tenn. Ct. App. 2004) (applying the one-year statute of limitations from Tenn. Code Ann. § 28-3-104 in a § 1983 claim). Accordingly, all Defendants named for any (in)action occurring prior to December 11, 2019 — Smith Detention Center, Rutherford County Detention Center, Rutherford County Sheriff's Office, and Special Needs facility — will be **DISMISSED**.

### B. Denial of Medical Care

A prisoner's constitutional right medical treatment does not guarantee a prisoner "unqualified access to healthcare." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Rather, it is only the denial of constitutionally adequate medical care that violates the Eighth Amendment's prohibition against cruel and unusual punishment. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (holding Eighth Amendment proscribes acts or omissions that produce an "unnecessary and wanton infliction of pain").

An Eighth Amendment claim for the denial of adequate medical treatment is composed of two parts: (1) an objective component, which requires a plaintiff to show a "sufficiently serious" medical need; and (2) a subjective component, which requires the plaintiff to show the defendants acted with "deliberate indifference" to that need. *Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994). The test is akin to "subjective recklessness as used in the criminal law."

6

*Id*. at 839.  Therefore, to establish an official's liability, a prisoner must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.

   1. **PCJC**

  Plaintiff's amended complaint alleges that he was housed at PCJC for a period of time during the relevant actionable statutory period; specifically, that he was housed there as of December 11, 2019 and remained there until he was transferred to BCCX in September 11, 2020 [*Id*. at 9].  Accordingly, the Court considers Plaintiff's allegations against this facility and its employees as of December 11, 2019, in light of the Eighth Amendment standard governing the alleged denial of inmate medical care.

  As a preliminary matter, the Court notes that Plaintiff's lawsuit contains allegations against PCJC in Putnam County, Tennessee, which lies in a different judicial district.  Specifically, Putnam County lies within the Nashville Division of the Middle District of Tennessee.  *See* 28 U.S.C. § 123(b).  Accordingly, venue is not appropriate in this Court for Plaintiff's claims against PCJC.  *See* 28 U.S.C. § 1391(b)(1)-(3).  While the Court may transfer a civil action to any district or division where it could have been filed originally "in the interest of justice," *see* 28 U.S.C. § 1406(a), the Court finds no reason to do so in this instance.  Plaintiff received a surgical consult while at PCJC and was advised that further specialty consult would be required, but he was moved to another facility before the consult could occur.  Nothing in these allegations suggests that PCJC, nor its officers or medical personnel, acted with deliberate indifference to Plaintiff's serious medical needs.  Moreover, Plaintiff has no

7

constitutionally protected liberty interest in being housed in any particular facility. *See Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976). Therefore, Defendants PCJC, PCJC Medical employees, and PCJC officers will be **DISMISSED**.

### 2. BCCX

Next, in September 2020, Plaintiff was transferred to BCCX, where he was housed for approximately two months. During his short stay at BCCX, Plaintiff was referred to an on-site physician for his back problems. The on-site physician advised Plaintiff regarding medications but informed him that non-emergency surgery could not be ordered due to the presence of a global pandemic. This Court finds that a delay in non-emergency surgery due to restrictions caused by COVID-19 is not suggestive of deliberate indifference, despite Plaintiff's dissatisfaction with the decision. *See Anthony v. Swanson*, 701 F. App'x 460, 464 (6th Cir. 2017). Therefore, BCCX, and all BCCX-related Defendants, will be **DISMISSED**.

### 3. MCCX

This brings the Court to Plaintiff's transfer to MCCX in mid-November 2020. The only factual allegations supporting a denial-of-medical-care claim at MCCX is Plaintiff's claim that Dr. Lane, in his official capacity as a physician for TDOC, ignored Plaintiff's requests for medical treatment [Doc. 5 p. 13]. Plaintiff believes that he is being denied medical treatment in order to save money and in retaliation for his prior lawsuit [*Id.* at 8-10].

It is unclear to the Court exactly which Defendants are MCCX employees. Nonetheless, Plaintiff's amended complaint contains no factual allegations of wrongdoing against Defendants Sheriff, Brenda Boyd, the MCCX Medical Department, Vasti McKinny,

8

Cpl. Avery, Stacy Oakes, Kenneth Hutchinson, Mike Parris, Kenneth Williams, or Tony Parker, and he has failed to state a claim against these Defendants. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Additionally, none of these Defendants may be sued based on supervisory status or grievance response. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and a failure to respond or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983). Therefore, these Defendants will be **DISMISSED**.

### 4. Eleventh Amendment

Plaintiff has sued all Defendants in their official capacities only. A suit against a defendant in his or her official capacity is treated as an action against the governmental entity the officer represents. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *see, e.g.*, *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Barber v. City of Salem*, 953 F.2d 232, 237 (6th Cir. 1992). In an action against a state officer acting in an official capacity, "the plaintiff seeks damages not from the individual officer, but from the entity from which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993).

All Defendants, except Centurion and possibly Dr. Edmund Lane, are either TDOC facilities or TDOC employees. TDOC is an arm of the State of Tennessee. *See Hix v. Tenn.*

9

*Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding TDOC is equivalent of the "State" and is not a person within the meaning of § 1983) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) ("[A] State is not a person within the meaning of § 1983")). Neither a State nor an arm of its government is a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).

The Eleventh Amendment prohibits suits against a state or its agencies in federal court, unless Congress has abrogated its immunity, or the state has expressly waived it. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Quern v. Jordan*, 440 U.S. 332, 320-45 (1979). Tennessee has not waived its immunity. *See Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (noting that Tennessee has not waived immunity to suits under § 1983). Because TDOC is an agency of the State of Tennessee its facilities and employees sued in their official capacities are entitled to Eleventh Amendment immunity. *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997); *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988). This immunity extends to claims for injunctive and equitable relief. *See Lawson v. Shelby Cnty.*, 211 F.3d 331, 335 (6th Cir. 2000) ("[T]he [Eleventh] Amendment prohibits suits against a 'state' in federal court whether for injunctive, declaratory or monetary relief."). Accordingly, Plaintiff's claims for monetary damages and any retroactive relief against these Defendants are barred by the Eleventh Amendment, and they will be **DISMISSED**. *See Berndt*, 796 F.2d at 881.[2]

---

[2] The Court notes that this same analysis would apply to support dismissal of Plaintiff's claims against BCCX, MCCX, and Lois M. DeBerry Special Needs Facility (and all employees thereof in their official capacities).

10

### 5. Potentially Viable Defendants

The Court finds that Plaintiff has stated a plausible claim for the denial of necessary medical treatment against Dr. Lane[3] and Centurion. Accordingly, Plaintiff's claim for the denial of medical care against these Defendants shall **PROCEED**.

### C. Retaliation

Plaintiff maintains that he has been denied medical treatment in retaliation for having previously filed a lawsuit complaining about the denial of medical care. A prisoner states a valid retaliation claim if he pleads and proves that: (1) he engaged in protected conduct, (2) an adverse action was taken against him which would deter a person of ordinary firmness from continuing to engage in such conduct, and (3) the adverse action was motivated by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Filing a lawsuit is protected conduct under the First Amendment. *See, e.g., Clark v. Johnston*, 413 F. App'x 804, 815 (6th Cir. 2011). However, Plaintiff has failed to allege facts that support an inference of a retaliatory motive behind the alleged denial of medical treatment, which was also the subject of his initial lawsuit. Rather, Plaintiff has made a bare allegation of retaliation, and "conclusory allegations of [a] retaliatory motive unsupported by material facts will not be sufficient to state a . . . claim" under § 1983. *Hill v. Lappin*, 630 F.3d 468,

---

[3] It is unclear whether Dr. Edmund Lane is a TDOC employee or a Centurion employee. Nevertheless, the Court finds that, to the extent Plaintiff seeks prospective injunctive relief against Dr. Lane (assuming he is a TDOC employee), Plaintiff's claim for relief may be viable. *See, e.g., Kovacevich v. Kent State Univ.*, 224 F.3d 806, 817 (6th Cir. 2000) (finding plaintiff may overcome a state's sovereign immunity and seek prospective injunctive relief if the state has consented to suit, if Congress has properly abrogated the state's immunity, or where a plaintiff sues state officials in their official capacities seeking only prospective injunctive relief for a continuing violation of federal law).

475 (6th Cir. 2010); *Cantley v. Armstrong*, 391 F. App'x 505, 507 (6th Cir. 2010) (quoting *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) (affirming district court's holding that a prisoner's complaint was insufficient to demonstrate a causal relationship between protected activity and adverse action because "bare allegations of malice on the defendants' parts are not enough to establish retaliation claims' that will survive § 1915A screening"). Therefore, Plaintiff's retaliation claim fails to state a claim upon which relief may be granted under § 1983, and this claim will be **DISMISSED**.

### IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff's claim for the denial of medical care will proceed against Centurion and Dr. Lane;

2. The Clerk is hereby **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Dr. Lane and Centurion;

3. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty-one (21) days of entry of this memorandum and order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Fed. R. Civ. P. 4;

4. Plaintiff is **NOTIFIED** that failure to return the completed service packets within the time required will result in dismissal of this action for want of prosecution and/or failure to follow Court orders;

5. Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If Defendant fails to timely respond to the complaint, any such failure may result in entry of judgment by default;

6. All remaining claims and Defendants are **DISMISSED**; and

7. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the

progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE