UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| RONNIE WHITENER, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:20-CV-524-TAV-HBG |
| CENTURION and EDMUND LANE, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a prisoner proceeding pro se in a civil rights action for violation of 42 U.S.C. § 1983, has filed motions seeking (1) reconsideration of this Court's February 2, 2021 Memorandum Opinion and Order [Doc. 11], (2) appointment of counsel [Doc. 9], and (3) leave to file a supplemental complaint [Doc. 12].

## I. MOTION FOR RECONSIDERATION

Plaintiff has filed a "Motion for Con[s]ideration to Alter or Amend the Judgments" entered on February 2, 2021 [Doc. 11].

As a preliminary matter, the Court notes that no judgment has entered in this cause. Therefore, Plaintiff seeks reconsideration of the Court's screening order, which is an interlocutory order of the Court. Although the Federal Rules of Civil Procedure do not expressly permit reconsideration of these types of orders, the Sixth Circuit has recognized that district courts may reconsider them under Federal Rule of Civil Procedure 54(b). *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004);

*Palmer v. Bagley*, 330 F. App'x 92, 105 (6th Cir. 2009) (observing, in a habeas case, that a district court can revise a non-final order under Rule 54(b) "at any time prior to final judgment").

Rule 54(b) states:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez*, 89 F. App'x at 959 (citation and footnote omitted).

In the instant motion, Plaintiff contends that this Court misunderstood several allegations in his complaint [Doc. 11]. He contends that the Court (1) incorrectly stated that surgery was prescribed while he was not incarcerated, when it was actually prescribed when he was a Tennessee Department of Correction ("TDOC") inmate; (2) incorrectly found that Plaintiff's claim regarding the denial of medical treatment at Putnam County Justice Center ("PCJC") in August 2020 was barred by the statute of limitations; (3) erred in finding that Defendants did not act with deliberate indifference in failing to schedule his follow-up appointment despite COVID-19 restrictions; (4) erred in not recognizing that the follow-up physician's comment that Plaintiff was on the wrong medication evidences Plaintiff's need for surgery; (5) erred in not addressing his allegations against PCJC, as he

2

was housed there for nearly six months between March 30, 2020 and September 11, 2020 and was denied medical treatment; (6) erred in dismissing various TDOC personnel, as the Court mistakenly believed Plaintiff was not incarcerated when the surgical consults were performed; (7) should have construed his claims against Defendants in their individual, as well as their official capacities, based on the allegations of his initial complaint; (8) should find that he was prevented from obtaining expert testimony concerning his medical conditions; (9) should acknowledge that all of the medically-employed Defendants are not TDOC employees, and thus, do not have Eleventh Amendment immunity, and (10) should reinstate Plaintiff's retaliation claim based on the chronology of events [Doc. 11 p. 1-8].

The Court notes that it screened Plaintiff's amended complaint only after it advised Plaintiff of the deficiencies in his initial complaint and notified him of how to present his allegations in an amended complaint [Doc. 4]. Plaintiff was afforded an opportunity to clarify his claims for the Court, and the Court awaited Plaintiff's amended complaint prior to screening Plaintiff's allegations. Plaintiff now contends that the Court misunderstood his allegations and argues that it should essentially reverse itself as to each Defendant and claim. Having duly considered the matter, Plaintiff's motion for reconsideration [Doc. 11] is **GRANTED in part** and **DENIED in part**, as follows:

Plaintiff's motion is **GRANTED** to the extent that the record is hereby amended to reflect that Plaintiff was a TDOC inmate at the time he was initially prescribed back surgery, and to assert claims against Defendants in their individual, as well as official, capacities. The remainder of Plaintiff's arguments, however, either misapprehend the

3

Court's conclusions or iterate arguments that the Court has previously addressed without clear error, and relief on all remaining allegations is **DENIED**.

## II. SUPPLEMENTAL COMPLAINT

Next, the Court considers Plaintiff's motion for leave to file a supplemental complaint under Rule 15(d) of the Federal Rules of Civil Procedure [Doc. 12]. Under Rule 15(d), a court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Whether to grant a motion to supplement under Rule 15(d) is left to the discretion of the court. *Hoffman v. Solis*, 636 F.3d 262, 272 (6th Cir. 2011).

The Court finds that the interests of justice do not require Plaintiff's amended complaint to be supplemented by the proposed supplemental complaint, as his motion to supplement involves claims that occurred before this suit was filed. By its plain language, Rule 15(d) is applicable to events occurring after the filing of the action. Fed. R. Civ. P. 15(d). Here, Plaintiff appears to urge the Court to add back to the instant suit Defendants previously dismissed in its screening order, and to add additional Defendants for events occurring before the suit was filed. Therefore, Plaintiff's motion for leave to file a supplemental complaint [Doc. 12] is **DENIED**.

To the extent that Plaintiff's proposed complaint seeks to add Defendants, Plaintiff may seek leave to file an amended complaint including such additional Defendants. *See* Fed. R. Civ. P. 15(a). Plaintiff is **NOTIFIED** that any such proposed amended complaint

4

will be the operative pleading in this cause and must therefore be complete in and of itself and not refer the Court back to any previously filed pleading. Plaintiff should avoid making legal arguments in any proposed amended complaint, but rather, he should focus on clearly and succinctly setting forth the facts – the who, what, where, when – of his claims.

Further, Plaintiff is **NOTIFIED** that the Court will only address Plaintiff's claims and Defendants involved in the alleged denial of his medical treatment for the one-year period preceding the filing of this lawsuit — that is, Defendants involved in the events giving rise to this litigation **AFTER** December 2019. Accordingly, Plaintiff **SHALL NOT** attempt to set forth in his proposed amended complaint any additional claims or Defendants that do not relate to any such allegations, and he is advised that any such claims or Defendants will be **DISMISSED**.

### III. MOTION TO APPOINT COUNSEL

Plaintiff has filed a motion to appoint counsel [Doc. 9]. However, appointment of counsel in a civil proceeding is not a constitutional right, but a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F. 2d 601, 605-06 (6th Cir. 1993). A court's determination of whether "exceptional circumstances" exist is made based upon consideration of the type and complexity of the case, and the plaintiff's ability to represent himself. *Id*.

This case involves a single claim of the denial of constitutionally adequate medical treatment, which is an area of law that is well developed. Further, the Court finds that this case is not particularly factually or legally complex. Plaintiff has demonstrated an ability

to file competent pleadings with the Court, including an amended complaint and various motions. Accordingly, the Court finds that no exceptional circumstances warranting the appointment of counsel exist in this case, and Plaintiff's motion [Doc. 9] is **DENIED**.

## IV. CONCLUSION

As set forth above, Plaintiff's motion for reconsideration [Doc. 11] is **GRANTED IN PART and DENIED IN PART**. Plaintiff's motion for the appointment of counsel [Doc. 9] and motion for leave to file a supplemental complaint [Doc. 12] are **DENIED**.

Finally, Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE