UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| RONNIE WHITENER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CENTURION and )<br>EDMUND LANE, )<br>)<br>Defendants. ) | No.: 3:20-CV-524-TAV-HBG |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a prisoner proceeding pro se in a civil rights action for violation of 42 U.S.C. § 1983, has filed a motion for leave to file a second amended complaint [Doc. 26]. Plaintiff's proposed amended complaint is now before the Court for screening pursuant to the Prison Litigation Reform Act ("PLRA").

**I. SCREENING STANDARD**

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630

F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. PROCEDURAL HISTORY AND ALLEGATIONS OF AMENDED COMPLAINT

Plaintiff previously filed a § 1983 complaint alleging that Tennessee Department of Correction ("TDOC") personnel and their medical providers failed to provide him with a corrective back surgery [Doc. 1 p. 4]. That lawsuit was dismissed for failure to state a claim under § 1983, and Plaintiff was dismissed from TDOC custody. *See Whitener v. Parker*, No. 1:17-CV-1241, Doc. 14 (W.D. Tenn. April 15, 2019). Plaintiff was later

2

rearrested and thereafter filed a § 1983 complaint in this Court, again alleging the denial of medical care related to his back condition and naming dozens of Defendants [Doc. 1]. Upon initial screening, this Court found that the statute of limitations and, in part, the doctrine of res judicata, barred any of Plaintiff's claims occurring prior to his return to TDOC custody [*See, generally*, Doc. 4]. Thereafter, the Court dismissed approximately two dozen proposed Defendants spread across numerous detention facilities and provided Plaintiff an opportunity file an amended complaint to state a cognizable claim [*Id.*]. In that order, the Court explicitly advised Plaintiff of the necessity to "file an amended complaint with a short and plain statement of facts setting forth exactly how his constitutional rights were violated and the specific individual(s) responsible" [*Id*. at 9]. Thereafter, Plaintiff filed an amended complaint that largely ignored the Court's orders [Doc. 5]. Nonetheless, the Court found that Plaintiff had stated a plausible claim against Centurion and Dr. Edmund Lane for the denial of adequate medical care, and it allowed the case to proceed as to those Defendants [*Id*. at 12].

Aggrieved with the Court's decision, Plaintiff filed subsequent motions to alter the Court's ruling, and to amend and/or supplement his complaint [Docs. 11, 12, 17]. The Court entered orders granting Plaintiff's motion to add documentation to his complaint but denying his motion to supplement it to add new Defendants [Docs. 24 and 25]. However, the Court advised Plaintiff that if he desired to amend his complaint, he should file a proposed amended complaint that would serve as the operative pleading in the case, and

he was advised that "he should focus on clearly and succinctly setting forth the facts — the who, what, where, when, — of his claims" in any such pleading [Doc. 2 p. 5].

On March 30, 2021, the Court received Plaintiff's proposed amended complaint, in which he seeks to add approximately nineteen Defendants to the instant lawsuit [Doc. 26-1].

## III. ANALYSIS

Despite the Court's instructions, Plaintiff's proposed amended complaint contains general allegations of wrongdoing by (mostly) unnamed individuals spread across various institutions. It also acknowledges that Plaintiff voluntarily checked himself out of the hospital against medical advice when the incident causing his back injury occurred; that he declined to seek surgical intervention while a free-world civilian in 2018; and that after he was rearrested in September 2019, he was approved for and received a surgical consult and subsequent testing before being transferred to TDOC custody [*See, generally,* Doc. 26].

This Court has repeatedly advised Plaintiff of the deficiencies in his filings and how to correct them. Instead of doing so, Plaintiff continues to iterate the same generic complaints that he has not been provided corrective back surgery following his September 8, 2019, rearrest. To the extent that Plaintiff's amended complaint implicates the Putnam County Justice Center or its Sheriff's Department, the Court has already advised Plaintiff that he cannot pursue those claims in this district, and that any such claims are properly brought in the Nashville Division of the Middle District of Tennessee [*See* Doc. 6 p. 7-8]. *See also* 28 U.S.C. § 123(b). As the Court has previously stated, it does not find that

Plaintiff has stated a justiciable claim against the Putnam County entities, and therefore, it declines to transfer this matter to the Middle District [Doc. 6 p. 7]. However, if Plaintiff wishes to pursue claims against any Putnam County entities, then he should file for relief in the proper district. This Court will not entertain these allegations further.

As for Plaintiff's allegations from September 2020 to present, the Court notes that it has allowed process to issue against Centurion, the contract medical provider for MDOC, and Dr. Edmund Lane, whom the Court presumes is a contract physician for Centurion [Doc. 6 p. 12]. The instant proposed amended complaint contains no specific factual allegations against the remainder of the intended Defendants, many of whom this Court has already determined are improperly named or otherwise immune from suit [*See* Doc. 6; Doc. 24]. The Court has explicitly advised Plaintiff on more than one occasion that he needed to supply factual details of the wrongdoing of each Defendant, but instead, he has offered merely conclusory allegations that are insufficient to state a claim against any additional Defendant. *See, e.g., Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted); *see also Twombly*, 550 U.S. at 555 (holding "labels and conclusions" will not support a constitutional claim). The proposed amended complaint is nothing more than a reiteration of what the Court has already addressed and found nonjusticiable, and there is no need to amend Plaintiff's complaint further to include these allegations. The instant motion will be denied.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion to file an amended complaint [Doc. 26] is **DENIED**. Plaintiff is **NOTIFIED** that the Court will not address further any repetitive filings from Plaintiff in which he merely asserts the denial of medical treatment against unnamed individuals without sufficient factual support, and he is **CAUTIONED** that he may be sanctioned if he continues to ignore the Court's instructions and file repetitive pleadings.

Finally, Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE