UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| RONNIE WHITENER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:20-CV-524-TAV-HBG |
| | ) |
| CENTURION and | ) |
| EDMUND LANE, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM OPINION

Plaintiff filed a prisoner's pro se complaint for violation of 42 U.S.C. § 1983 that is proceeding as to Plaintiff's claims that Defendants have denied him adequate medical care in violation of his constitutional rights [*See* Doc. 6 p. 11]. Defendants Dr. Edmund Lane ("Dr. Lane") and Centurion of Tennessee, LLC ("Centurion") have each filed motions to dismiss Plaintiff's claims against them [Docs. 28 and 30]. Plaintiff has submitted a response in opposition to the motions [Doc. 33]. Having fully considered the parties' arguments and the applicable law, the Court finds that Defendants' motions [Docs. 28 and 30] should be **GRANTED** and this action **DISMISSED**, for the reasons set forth below.

## I. MOTION TO DISMISS STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed for failure to state a claim upon which relief cay be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*. at 679. When considering a plaintiff's claims, all factual allegations in the complaint must be taken as true. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

Additionally, while Plaintiff's claim survived the Court's initial review under the Prison Litigation Reform Act ("PLRA"), the standard for overcoming a Rule 12(b)(6) motion is a higher bar. *See, e.g., Leach v. Corr. Corp. of Am*., No. 3:16-CV-2876, 2017 WL 35861, at *3 (M.D. Tenn. Jan. 4, 2017) (stating the required PLRA screening is "a lower burden for the plaintiff to overcome in order for his claims to proceed" than a motion to dismiss under Rule 12(b)(6)).

## II.  PLAINTIFF'S RELEVANT ALLEGATIONS

Plaintiff, an inmate in the custody of the Tennessee Department of Correction ("TDOC"), was prescribed corrective back surgery in 2017 [Doc. 5 p. 6]. However, he was released from TDOC custody in June 2018 without receiving the surgery [*Id*. at 8]. Plaintiff was later rearrested in 2019 and, between September 2019 and September 2020, Plaintiff was incarcerated at the Putnam County Justice Center ("PCJC") [*Id*. at 9]. While housed at PCJC, Plaintiff requested corrective surgery, which resulted in his receiving an evaluation and referral to another surgeon [*Id*.].

2

On September 11, 2020, Plaintiff was transferred to the Bledsoe County Correctional Complex ("BCCX") [*Id.* at 9]. Upon arriving at BCCX, Plaintiff provided the intake nurses and intake physician with all of the information he had pertaining to his need for corrective back surgery [*Id.*]. The intake physician referred Plaintiff to another physician at BCCX, who evaluated Plaintiff on October 5, 2020 [*Id.*]. That physician stated that "nothing could be done" for Plaintiff due to restrictions caused by Covid-19, as Plaintiff's condition was not an emergency [*Id.*]. This doctor also advised Plaintiff that he should not daily take the Ibuprofen and Tylenol prescribed by the intake physician, and he expressed confusion as to why Plaintiff was prescribed a medication causing increased appetite and weight gain [*Id.*]. Plaintiff was not referred to a specialist during his stay at BCCX [*Id.* at 9-13].

In mid-November 2020, Plaintiff was transferred to the Morgan County Correctional Complex, ("MCCX"), where he is currently housed [*Id.* at 13]. Once at MCCX, Plaintiff "made known [his] medical condition" and the recommended treatment but was ignored [*Id.*]. Plaintiff "finally had an eye problem" and was evaluated by Dr. Lane [*Id.*]. Plaintiff spoke to Dr. Lane "about [his] treatment" but had not been treated as of January 2021 [*Id.*].

### III. DEFENDANTS' ARGUMENTS

Defendants Dr. Lane and Centurion argue that Plaintiff's claim should be dismissed for Plaintiff's failure to state a viable § 1983 claim against them [Docs. 28 and 30]. Each Defendant also claims that Plaintiff's claim sounds in health care liability, and that the

3

Court should dismiss Plaintiff's claim against them due to Plaintiff's failure to comply with the requirements of the Tennessee Health Care Liability Act ("THCLA") [Docs. 28 and 30].

## IV. DISCUSSION

Plaintiff's allegation that Defendants denied him proper medical care implicates the Eighth Amendment's prohibition against cruel and unusual punishment, which proscribes acts or omissions that produce an "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). The Eighth Amendment "forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)) (internal quotation marks omitted). An Eighth Amendment claim for the denial of adequate medical treatment is composed of two parts: (1) an objective component, which requires a plaintiff to show a "sufficiently serious" medical need; and (2) a subjective component, which requires the plaintiff to show the defendants acted with "deliberate indifference" to that need. *Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994). This subjective state of deliberate indifference requires a plaintiff to show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

4

However, the fact that a prisoner might disagree with the adequacy of care given does not implicate the Constitution.  *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1996).  This is because "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'"  *Id.*  Thus, differences in the opinions of inmates and medical personnel regarding the appropriate treatment, even where the prisoner is ultimately misdiagnosed and therefore inadequately treated, is not enough to state a claim of deliberate indifference.  *See, e.g., Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).  Additionally, a showing of negligence is insufficient to establish liability; deliberate indifference requires a mental state amounting to criminal recklessness.  *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (citing *Farmer*, 511 U.S. at 834, 839–40).

### A. Centurion

Section 1983 does not impose liability against a municipality or corporation merely "because it employs a tortfeasor."  *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978) (holding there is no *respondeat superior* liability under § 1983).  Accordingly, Centurion, a private corporation providing medical care to inmates in various TDOC institutions, cannot be held liable under § 1983 unless Plaintiff can identify a policy or custom of Centurion that, when executed, caused him injury.  *See Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817-18 (6th Cir.

1994). To prevail on a § 1983 claim against Centurion, Plaintiff "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (citing *Miller v. Sanilac Cty.*, 606 F.3d 240, 254-55 (6th Cir. 2010)).

Here, Plaintiff alleges that there are "written and unwritten policies and customs such as providing less than adequate medical care to save money" [Doc. 5 p. 9-10]. However, Plaintiff has not presented any facts to support the existence of any such policy or custom. Additionally, Plaintiff has been seen by medical professionals multiple times for his back injury since his rearrest in September 2019 — including referrals and surgical consults [*Id.* at 9-13]. These facts do not establish that Centurion has custom or policy of denying necessary inmate medical care in order to save money.

Further, Plaintiff admits that he was told in October 2020 that he could not receive back surgery due to COVID-19 and the nonemergency nature of his condition [*Id.* at 9]. Therefore, if there was a policy decision to halt surgery, Plaintiff's allegations demonstrate that the decision was made because of the issues associated with performing surgery during the COVID-19 pandemic, not a custom or policy to save cost. Accordingly, Centurion's argument that the amended complaint fails to state a claim against it upon which relief may be granted under § 1983 is well taken, and Centurion is entitled to be dismissed from this action.

## B. Dr. Lane

Dr. Lane likewise moves for to be dismissed from this action based on Plaintiff's failure to state a viable § 1983 claim against him. Dr. Lane maintains that Plaintiff's sole allegation against him is that Dr. Lane examined Plaintiff for an eye problem, and that Plaintiff "spoke with [Dr. Lane] about [his] treatment" and still did not receive any treatment [*Id.*, citing Doc. 5 p. 13]. Dr. Lane notes that nowhere in Plaintiff's allegations does he contend that Dr. Lane ignored his complaints of back pain [Doc. 29 p. 4].

The Court agrees that Plaintiff's allegations are insufficient to state a § 1983 claim against Dr. Lane. Accepting Plaintiff's allegations as true, he was treated by Dr. Lane for the problem Plaintiff presented to him, i.e., an eye problem. Plaintiff has not presented any allegations that he complained of back pain to Dr. Lane, or that his prior referral for surgery constituted a serious medical need. Rather, Plaintiff alleges only that he advised Dr. Lane about his prior evaluation for back surgery and that no action was taken on that information by Dr. Lane. These allegations are insufficient to establish that Dr. Lane "subjectively perceived a risk of harm and then disregarded it." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Estelle*, 429 U.S. at 106). Thus, Dr. Lane's argument that the amended complaint fails to state a claim upon which relief may be granted to him under § 1983 is well taken, and he is entitled to be dismissed from this action.

## V. CONCLUSION[1]

For the reasons set forth above, Plaintiff has failed to state a cognizable § 1983 claim against Defendants. Therefore, their respective motions [Docs. 28 and 30] will be **GRANTED**, and this action will be **DISMISSED**.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[1] In light of the conclusions herein, the Court finds it unnecessary to address Defendant's alternative ground for dismissal under the THEA, although the Court notes that Plaintiff's amended complaint alleges a denial of medical treatment under constitutional standards [*See, generally,* Doc. 5], which would necessarily result in a denial of the THCLA defense.

8